17 MAG 3977

Approved: _____
LOUIS A. PELLEGRINO
Assistant United States Attorney

Before: THE HONORABLE RONALD L. ELLIS
United States Magistrate Judge
Southern District of New York

------------------------------------- x

UNITED STATES OF AMERICA           :   **SEALED COMPLAINT**

        - v. -                     :   Violation of
                                       18 U.S.C. § 922(g)(1)
ARMANDO J. GRAU,                   :
                                       COUNTY OF OFFENSE:
                   Defendant.      :   MANHATTAN

------------------------------------- x

SOUTHERN DISTRICT OF NEW YORK, ss.:

BLADIMIR FALETTE, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

COUNT ONE

1. On or about March 28, 2017, in the Southern District of New York, ARMANDO J. GRAU, the defendant, after having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess, in and affecting commerce, ammunition, to wit, a .38 caliber bullet that was loaded into a plastic gun modified to fire live ammunition; the ammunition having been previously shipped and transported in interstate and foreign commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Detective assigned to the Trigger Lock Unit of the NYPD, and I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement agents, as well as my examination of reports and records. Because this affidavit is

2

being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part.

3. Based on my review of NYPD reports, I have learned, among other things, the following:

    a. On or about March 28, 2017, two police officers from the NYPD's 14th Precinct Retail Store Apprehension Team ("RSAT") responded to a shoplifting call at the Herald Square Macy's Department Store located at 151 W. 34th Street in Manhattan, New York. By the time the police officers arrived, ARMANDO J. GRAU, the defendant, who was suspected of shoplifting, had been placed in a holding cell pending the arrival of the NYPD.

4. Based on my conversations with the Macy's loss prevention officer ("LPO-1"), who assisted in the investigation of ARMANDO J. GRAU's, the defendant, shoplifting activities, I have learned, among other things, the following:

    a. While conducting routine surveillance, LPO-1 observed GRAU engaging in suspicious activity indicative of shoplifting, including randomly selecting items to try on, and making apparent attempts to avoid customer service. LPO-1 followed GRAU.

    b. LPO-1 observed GRAU select several items from different departments, including two shirts, and take them to a fitting room to try on. LPO-1 then observed GRAU exit the fitting room without carrying these items in his hands.

    c. LPO-1 and a second LPO ("LPO-2") continued to follow GRAU. Believing that GRAU was attempting to leave the store with items he had not paid for, the two LPOs intercepted GRAU and identified themselves.

    d. LPO-1 informed GRAU the reason for the stop and informed GRAU that he was going to unzip the jacket that GRAU was wearing. In response, GRAU held open his own jacket and said "look", so as to indicate that he had nothing to hide. However, in doing so, the LPOs noticed that GRAU kept his elbows tightly pinned to his side, as if to hold something inside his

3

jacket by the sides of his arms. When the LPOs commented that they could see that GRAU was attempting to hide items of clothing, GRAU responded in sum and substance "you finally caught me."

        e. GRAU was taken to a holding cell in Macy's, where he consented to a more complete search. LPO-1 recovered two shirts that GRAU had attempted to steal from the store. GRAU stated in sum and substance that he had taken these items because "he needed clothes."

        f. In GRAU's jacket pocket, LPO-1 recovered a plastic toy gun apparently held together by black electrical tape (the "Firearm"). The firearm was modified by connecting a nail or other sharp object wrapped with wire to the body of the gun, thereby creating a makeshift firing pin and firing mechanism. Inside the gun, LPO-1 found a live .38 caliber bullet. Two NYPD RSAT officers arrived at Macy's shortly thereafter, and placed GRAU under arrest.

    5. Based on my conversations with the two NYPD RSAT officers from the 14th Precinct ("Officer-1" and "Officer-2", collectively, the "RSAT Officers"), who participated in the arrest of ARMANDO J. GRAU, the defendant, I have learned, among other things, the following:

        a. In connection with the arrest of GRAU, RSAT Officers took possession of the Firearm and the .38 caliber bullet.

        b. GRAU was transported to the 14th Precinct and the Firearm and .38 caliber bullet were secured.

    6. Based on my review of NYPD records, I learned that the NYPD ballistics laboratory reported that the Firearm had the necessary mechanisms to fire the bullet, but that any test firing of the plastic gun was likely to destroy the Firearm.

    7. Based on my training and experience, and my communications with other law enforcement agents, including a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms and ammunition, I know that the .38 caliber bullet was not and has never been manufactured in New York State.

4

8. I have reviewed criminal history records pertaining to ARMANDO J. GRAU, the defendant, and learned that GRAU was convicted on or about November 14, 2005, of attempted assault in the second degree, with intent to cause physical injury to a police officer in the New York County Supreme Court in the Manhattan, New York. This offense is a Class E felony which is which is punishable by imprisonment for more than one year.

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of ARMANDO J. GRAU, the defendant, and that he be arrested and imprisoned or bailed, as the case may be.

_____
Detective BLADIMIR FALETTE
New York City Police Department

Sworn to before me this
25th day of May, 2017

_____
THE HONORABLE RONALD L. ELLIS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK